PONDER, Judge.
Plaintiffs appealed from the denial of injunctive relief and from the refusal of a declaratory judgment that certain revenue statutes are unconstitutional. The issues are:
1. Standing of plaintiffs
2. Legality of sale of tax stamps at a discount to a wholesale tobacco dealer in Texas
3. Existence of reciprocal agreement between Louisiana and Texas
4. Extent of reciprocity, if any;
5. Constitutionality of
a. Delegation of taxing authority
*1259 b. Administration of the cigarette tax law.
We affirm.
 Defendants and intervenor, South-land Distribution Center, have urged that plaintiffs have no standing to bring this suit, which, they assert, is really an action against a competitor, the intervenor, rather than against a taxing authority.
Plaintiff, Louisiana Wholesale Distributors Association Inc., is a nonprofit organization of resident Louisiana wholesale tobacco dealers. The other plaintiffs are Louisiana wholesale tobacco dealers (as defined in La.R.S. 47:842(5)).
Plaintiffs, who allege themselves to be taxpayers, complain that defendants have permitted wholesale tobacco dealers in Texas to purchase and use cigarette tax stamps and metered machines or devices, at a discount, outside the territorial limits of Louisiana. They assert these actions to be ultra vires, unlawful and constitutional.
A taxpayer has the right to seek judicial review of acts of public servants which are alleged to be contrary to law, unconstitutional or illegally confected. Roussel v. Noe, 274 So.2d 205 (1st Cir. La.App. 1973). We therefore hold that plaintiffs have standing to bring this suit, as contradistin-guished from entitlement to the relief sought.
Plaintiffs contend that the statutes contain a direct prohibition against the sale of stamps to the intervenor. It is true that LSA-R.S. 47:843(A) has the following provision: “. . . that the said metered machine or device may not be used nor stamps sold to or affixed by any dealer outside the territorial limits of the State of Louisiana.” However, Subsection (B) of the same section reads as follows:
“The collector may enter into agreements with the proper tax authorities of border states affecting reciprocal agreements whereby wholesale tobacco dealers of such states serving a trade area of retail dealers in this state may purchase Louisiana stamps with benefit of discount provided such other states permit Louisiana dealers similarly situated to purchase such stamps with benefit of discount provided said dealers meet the requirements of a wholesale dealer as set forth in R.S. 47:842(5).”
We construe this to be an exception to the prohibition contained in Subsection A.
We agree with the trial court’s holding that a reciprocal agreement exists between Louisiana and Texas. The statute does not require a written agreement, only an agreement. The nature of the reciprocal agreement in enforcement of revenue statutes of this type is simply that Louisiana is willing to grant discounts to border-state dealers if those border states will reciprocate by granting discounts to Louisiana dealers who want to do business in those states. No further agreement is necessary; indeed, any agreement, written or oral, would contain little or nothing else in its provisions.
Texas gives a discount to Louisiana dealers. Louisiana gives a discount to Texas dealers. We find a reciprocity agreement exists.
However, plaintiffs say there is not full reciprocity because Texas gives no discount on cigar and smoking tobacco tax to Louisiana companies while Louisiana gives discounts to Texas companies. But Texas gives no discount on cigar and smoking tobacco taxes to dealers within its own state. Plaintiffs’ contention would require discrimination by Texas against its own dealers in favor of out of state dealers before Louisiana could grant reciprocity. We do not accept that contention.
We agree with the trial judge’s handling of the attack upon the constitutionality and quote with approval:
“Plaintiffs assert several grounds upon which the present statutes, and their interpretation by the Department of Revenue, should be held unconstitutional. These may be joined into two constitutional objections: (1) that the statutes constitute an improper delegation of legislative authority to the Collector of Rev *1260 enue, an agent of the executive branch of the government; and (2) that the statutes are being interpreted in an arbitrary, unilateral manner by the Collector, which arguably results in denial of equal protection of the law to plaintiffs. The Court believes that neither of these claims is meritorious. * * *
“In support of the argument that there has been an improper delegation of legislative authority, plaintiffs cite several decisions of Louisiana courts. Actually, these authorities appear to the Court to indicate that no improper delegation has taken place. One of these decisions upholds the grant of certain authority to the Commissioner of Agriculature (sic) with appropriate guidelines. Schwegmann Brothers Giant Supermarkets v. McCrory, 237 La. 768, 112 So.2d 606 (1959). The other three involve grants of power to various licensing boards (embalmers, watch makers, divers) which left total discretion in the respective boards to grant or deny a permit to engage in the regulated occupation. Louisiana State Board of Embalmers v. Britton, 244 La. 756, 154 So.2d 389 (1963); Banjavich v. Louisiana Licensing Board for Marine Divers, 237 La. 467, 111 So.2d 505 (1959); State v. Morrow, 231 La. 572, 92 So.2d 70 (1956). Nothing of the sort has occurred in this case. In fact, the well-established principle cited by plaintiffs has been respected. * * the legislature must establish reasonable clear standards or guides in such delegation to fulfill constitutional requirements.’ Britton, 154 So.2d at 390. The legislature has, very simply, authorized the head of the Department of Revenue to grant to out-of-state tobacco dealers in border states the discount granted to in-state dealers, if the other state accords to Louisiana dealers operating in those states a similar privilege. In fact, there is no discretion in the Department of Revenue. If anything, the legislature by its various provisos and re-definitions has substantially curbed any authority in the Department of Revenue with respect to collection of this tax. It has retained and exercised legislative authority to a much greater extent than it ordinarily does, or might have to. The Department is not vested by the legislature with the power to tax, but is only vested with specific, limited authority to permit certain discounts from tax if designated conditions are met.
“Plaintiffs’ second argument concerns the arbitrary application of the statutes in question. Plaintiffs are apparently aggrieved by the sequence of events in the granting of the Southland permit. * *
“Though plaintiffs allude to a special effort to aid Southland Corporation, no clear evidence of that has been adduced. The evidence tends to establish that the Department retained its view of how the statute should be applied, but eventually was persuaded that Southland Corporation was qualified under that application for the discount. Consistent interpretation of the statute by applying it to all those present or future applicants who qualify under it does not establish a case of unconstitutionality.
“Plaintiffs’ primary complaint is that Southland was granted a permit. Once that occurred, the legislation of 1974, the litigation of 1975 and this litigation have followed.”
The claim of discriminatory application of the act is that Southland was not qualified at the time of the issuance of the permit to it and has never been qualified.
The statute at the time that Southland was issued a permit contained the following:
“ ‘Wholesale dealer’ includes only those dealers who shall sell any cigars, cigarettes or smoking tobacco to licensed retail dealers for the purpose of resale.”
Appellants assert that Southland does not qualify because it sold only to its own outlets, the 7-Eleven stores. However, the statute did not include a requirement that the distribution be to other than their own stores. That requirement was added by a 1974 amendment, effective on January 1, *1261 1975. The amendment contained a grandfather clause to the effect that wholesale dealers shall include “those Louisiana dealers who were affixing cigarette and tobacco stamps within the state as of January 1, 1974.” Admittedly, Southland was not affixing stamps within the state on January 1,1974, but the limitation was ruled unconstitutional in Southland Corporation v. Collector of Revenue, 321 So.2d 501 (La.1975). Southland became subject to the grandfather clause and was never required to meet the requirement that fifty percent of the sales be to retail stores other than their own or their subsidiaries.
For these reasons we affirm the judgment of the trial court at appellants’ costs.
AFFIRMED.